UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MANDILO AMELE RUFFIN,

        Plaintiff,

    v.

ERIN REYES; BRIAN WASHBURN; MARK NOOTH; H. ROSSI; ARNELL ENYON,

        Defendants.

Case No. 2:21-cv-01657-AA

ORDER

AIKEN, District Judge.

    Plaintiff, an inmate at the Two Rivers Correctional Institution, files this civil rights action pursuant to 42 U.S.C. § 1983 and alleges violations of his rights against cruel and unusual punishment under the Eighth Amendment.

    For the reasons explained below, plaintiff's allegations fail to state viable claims against defendants Reyes, Nooth, Rossi, and Enyon, and his claims against these defendants are dismissed. Plaintiff's allegations adequately state a claim against Sgt. Washburn, and the Clerk of the Court is directed to send waiver of service packets to Assistant Attorney General Shannon

- 1 -  ORDER

Vincent. If defendant declines to waive service, plaintiff will be notified and provided the necessary forms for service by the U.S. Marshals Service.

Federal law authorizes federal courts to review cases filed in forma pauperis to determine if a claim is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

In his Complaint, plaintiff alleges that Sgt. Washburn subjected him to pepper spray and would not allow him the opportunity to decontaminate. These allegations, construed liberally and in favor of plaintiff, adequately state a claim for relief under the Eighth Amendment. *See Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002).

However, plaintiff does not allege that defendants Reyes, Nooth, Rossi, or Enyon exposed him to pepper spray or denied him the opportunity to decontaminate. Instead, plaintiff's claims against these defendants are based on their responses to plaintiff's grievances or their role in processing his grievances. Plaintiff is advised that liability under § 1983 arises upon a showing of personal participation in the alleged constitutional violation, and responding to or processing a grievance does not support § 1983 liability. *See, e.g., Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Given plaintiff's allegations and

the documents attached to plaintiff's Complaint, I find that amendment would not cure these deficiencies.

## CONCLUSION

Plaintiff's claims against defendants Reyes, Nooth, Rossi, and Enyon are DISMISSED and these defendants are terminated from this action.

Plaintiff adequately states an Eighth Amendment claim against Sgt. Washburn. Accordingly, the Clerk of the Court is directed to send this Order and waiver of service packets to Assistant Attorney General Shannon Vincent.

IT IS SO ORDERED.

DATED this  4th  day of January, 2022.

                                      /s/Ann Aiken
                                      Ann Aiken
                          United States District Judge