UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MANDILO AMELE RUFFIN,

        Plaintiff,

   v.

BRIAN WASHBURN,

        Defendant.

Case No. 2:21-cv-01657-AA

OPINION AND ORDER

AIKEN, District Judge.

     Plaintiff, an adult in the custody of the Oregon Department of Corrections (ODOC), filed this action under 42 US.C. § 1983 and alleged that Lt. Brian Washburn violated his constitutional rights by exposing him to pepper spray and prohibiting him from moving to another cell. Defendant Washburn now moves for summary judgment on grounds that he was not deliberately indifferent to plaintiff's health and is entitled to qualified immunity. Plaintiff did not respond to defendant's motion for summary judgment and fails to present a genuine issue of material fact to defeat summary judgment. Accordingly, defendant's motion is granted.

1   - OPINION AND ORDER

…

BACKGROUND

On April 21, 2021, plaintiff was housed in Cell 23 in the Disciplinary Segregation Unit (DSU) at Two Rivers Correctional Institution (TRCI). At approximately 6:00 p.m. on that date, defendant formed an extraction team to remove two inmates from Cell 24 after they covered their cell window and did not respond to officers' directives. Washburn Decl. ¶ 5. Defendant deployed pepper spray into Cell 24 during the extraction of the two inmates, which lasted approximately six minutes. *Id.* ¶¶ 5, 7. Afterwards, correctional officers opened the "yard doors" and turned on a portable air circulator. *Id.* ¶ 8. Plaintiff did not request decontamination measures or removal from his cell at that time.

When defendant returned to the DSU area approximately one hour later, plaintiff did not request medical attention or indicate that he was suffering ill effects from being exposed to pepper spray. *Id.* ¶¶ 9-11.

Three months later, in July 2021, plaintiff sought medical attention for breathing issues and skin irritations allegedly arising from the exposure to pepper spray in April 2021. Bradford Decl. ¶¶ 6, 8. In October 2021, petitioner again sought medical treatment for sinus issues he believed arose from the pepper spray exposure. *Id.* ¶ 12.

In November 2021, plaintiff filed this action. Plaintiff seeks monetary damages for continuing sinus issues.

DISCUSSION

Plaintiff alleges that defendant was deliberately indifferent to his health and safety by failing to remove him from Cell 23 before or after pepper spray was deployed in Cell 24. Defendant moves for summary judgment on grounds that the undisputed facts do not establish deliberate indifference to plaintiff's health or safety and that defendant is entitled to qualified

immunity. To prevail on the motion for summary judgment, defendant must show that there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Foster v. Runnels,* 554 F.3d 807, 812 (9th Cir. 2009). To sustain an Eighth Amendment claim, a plaintiff must make a two-part showing: 1) an objective showing that the alleged deprivation was "sufficiently serious"; and 2) a subjective showing that the defendant exhibited deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834; *Foster,* 554 F.3d at 812. A prison official acts with "deliberate indifference" in violation of the Eighth Amendment if the official "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted).

The Ninth Circuit has held that the failure to provide decontamination procedures to an inmate after exposure to pepper spray can establish a claim for deliberate indifference. *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002). In *Clement*, inmates were exposed to pepper spray after it was deployed in a nearby cell, and the plaintiff alleged that prison officials exhibited deliberate indifference by failing to provide the bystander inmates with decontamination showers for four hours. *Id.* at 902. Under those circumstances, the Ninth Circuit found that "the prisoners may be able to show that the defendants were subjectively aware of the risk of serious injury when they denied showers and medical attention for the inmates for the 4 hour period." *Id.* at

3    - OPINION AND ORDER

905. The court noted that the prisoners alleged they were "coughing, gagging, or choking" and complained of pain and breathing problems, and that the officers themselves were coughing and stepped "outside for fresh air." *Id.*

Here, plaintiff presents no evidence suggesting that he requested decontamination measures or medical assistance, or that he visibly suffered side effects after his secondary exposure to pepper spray. Likewise, plaintiff presents no evidence suggesting that he suffered serious health effects from the pepper spray or that defendant or any other TRCI official denied him medical care. *See* Bradford Decl.

Accordingly, plaintiff fails to show that defendant deliberately disregarded a known risk to plaintiff's safety or health and summary judgment is appropriate.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 20) is GRANTED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this  7th  day of February, 2023.

               /s/Ann Aiken
                ANN AIKEN
         United States District Judge